McCORD, Judge.
Appellant, Florida Salt Springs Corporation, appeals a final judgment in ejectment rendered in favor of appellees, H. A.. P. Leininger and his wife Berneta M. Leininger, following a jury verdict. Appellant contends that the trial court erred in refusing to direct a verdict in favor of appellant on the issue of boundary by acquiescence and erred in instructing the jury on the law applicable to boundaries by acquiescence. We agree.
Our review of the record reveals that the jury had the problem of attempting to resolve conflicting testimony of surveyors. The location of appellant’s and appellees’ respective properties depends upon surveys which are in conflict. In 1835 R. B. Ker surveyed township 13 south, range 25 east, in Marion County and established the range line, and in 1847 C. C. Tracy surveyed the J. M. Hernandez grant and established its west boundary which runs on a northeast-southwest diagonal course crossing the range line at the southeast corner of appel-lees’ land. In 1928 the United States government assigned Rigby and Bandy to perform a dependent survey of Ker’s original 1835 survey and Tracy’s original 1847 survey.
Appellees own to the aforesaid range line on their east side. Appellant’s property is in the Hernandez grant which is east of appellees’ property. The west boundary of the Hernandez grant is not the aforesaid range line and there is intervening property between them. Appellees’ witness Jerne-gan testified that from his survey he is of the opinion there is a 357.8 foot difference between the location of the range line by Ker in 1835 and the location of the range line by the resurvey of 1928. Appellant’s surveyor, however, is of the opinion that the resurvey of 1928 placed the range line in the same position as did Ker’s survey in 1835. It is this discrepancy which creates the problem to be resolved by a jury and it does not involve the issue of boundary by acquiescence because appellant and appellee do not share a common boundary and therefore are not adjacent land owners.
Reversed and remanded for a new trial.
BOYER, C. J., and GREEN, R. A., Jr., Associate Judge, concur.